# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORI ROBINSON<br>330 Ridgely Street<br>Upper Marlboro, Maryland 20774<br>                      Plaintiff,<br>v.<br><br>ERGO SOLUTIONS, LLC<br>1250 Connecticut Avenue, NW<br>Washington, DC 20036<br>                      Defendant. | Civil Action No.: |

## COMPLAINT

## INTRODUCTION\

1.  This is a civil action brought pursuant to 42 U.S.C. Section 2000(e)  3-(a) (Title VII) and the District of Columbia Human Rights Act, D.C. Code Sections 2-1401.11 and 2-1402.61 . seeking equitable relief and damages against Defendants for committing acts in violation of federal laws that protect Plaintiff from discriminatory denial of her federal statutory rights.

## JURISDICTION AND VENUE

2. Jurisdiction exists in this court pursuant to 28 U.S. C. Sections 1331 and 1343.

3. Venue is proper in this court under 28 U.S.C. Section 1391 (b) because the incidents at issue occurred in the District of Columbia.

4.  Plaintiff, Lori Robinson, (hereinafter referred to as Ms. Robinson) is an American citizen of African-American ancestry and a resident of Maryland.  Ms. Robinson was employed at Ergo Solutions LLC which maintains offices in the District of Columbia at all times relevant to this lawsuit.

5. Ergo Solutions, LLC is a private health services company and its offices are located in the District of Columbia.

## STATEMENT OF FACTS

6. Plaintiff, Ms. Lori Robinson is an African American woman.  She became employed at Ergo Solutions, LLC in 1996.  Ms. Robinson was initially employed in the position of Out-Patient Project Manager.  Her position was located at 3700 North Capital Street, NW, Washington, D.C. 20011.

7. Since the beginning of her employment she has been responsible for recording and calculating the bills (payable accounts) submitted by Ergo Solutions to its contractors.  The activities associated with this function have been performed by Ms. Robinson from her home.  Since her initial employment in 1996 as an Ergo employee she has always worked at home.

8. In January 2011 Mr. Robinson filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Ergo Solutions based on sexual harassment.  In her charge she alleged that Mr. Jason Henderson, an owner

and CIO of Ergo Solutions made inappropriate sexual advances towards her which she found to be inappropriate and unwelcome.  Further, she alleged that Mr. Henderson has had inappropriate sexual contact with her and has made humiliating and offensive comments about the anatomy and dress of other women in her presence.

9. In June of 2011 Ergo management made employment decisions which Mr. Robinson finds adverse and which alter the terms and conditions of her employment.  First, she was informed by Ms. Tanya Lynch, a senior manager, to terminate her job functions at her home and to report to the Hadley Hospital facility to perform those functions and to clock in at Hadley each and every day. Nothing has changed in the structure of Ergo Solutions or in its operations to validate this change.  Because she has spent many years performing this function at her home it is extremely disruptive and inconvenient for Ms. Robinson to move this function to Hadley Hospital facility which upsets her normal procedure of operations.  She inquired with the owners why this move was all of a sudden being ordered and was not provided with any explanation indicating the basis for the directive from any of the owners.

10.  Ms. Robinson believes that she is being ordered to transfer her operations from home to Hadley Hospital in retaliation for filing a charge of discrimination with the EEOC.

11. Next, Mr. Robinson was then presented with a performance evaluation which focused on very critical and important aspects of her job duties.  Prior to this the last mandatory performance appraisal was conducted and finalized in June of 2010. That appraisal indicated that her performance was good to outstanding.

12. The newly initiated appraisal was conducted by Ms. Lynch whom Ms. Robinson did not know was then her new supervisor because she had not received any notice regarding Ms. Lynch's elevation in Ergo senior management.  She never received any notice that Ms. Lynch had been assigned as her supervisor. The surprise appraisal conducted by Ms. Lynch criticized her use of leave slips, her use of leave and cited her for" inadequate professional behavior" without any basis.

13. A finding of "inadequate professional behavior" was never mentioned or brought to Ms. Robinson's attention before she received this recent evaluation. Ms. Robinson believes that giving her a poor performance evaluation is a reprisal action by Ergo Solutions because she filed a charge of discrimination with EEOC.

14. Further, Ms. Robinson was threatened by Ms. Lynch that if she did not sign the evaluation, she would be written up for her refusal.   She has never received such a threat or a negative performance evaluation before since becoming employed with Ergo Solutions.

# COUNT I

## RETALIATION AND CONSTRUCTIVE DISCHARGE

## 42 U.S.C. SECTION 2000(E) – 3(A)

15. Plaintiff incorporates by reference paragraphs   6 through 14 as is fully set forth herein.

16. Defendant denied Ms. Robinson a non-abusive workplace and the opportunity to work constructively without fear, intimidation, ridicule, upset, humiliation and oppressive disturbance.

17. Defendant intentionally violated Ms. Robinson's right to be treated in an equal manner with co- workers and denied her right to enjoy equal protection under the law because of her gender.  Plaintiff understood and experience Defendant's conduct as abusive and humiliating and offensive.

18. Defendant conduct made it impossible to work in a safe and secure environment.  Even though Ms. Robinson participated in the EEO process by filing a complaint of discrimination with the equal Employment opportunity Commission

19. Defendant made it nearly impossible for her to continue her employment. Defendant terminated her employment in total disregard to her positive performance achievement.  Her engaging in filing a complaint with EEOC was the

proximate and direct cause of her discharge.  There was no legitimate reason for Defendant to discharge Plaintiff from her employment.

20. Because of Defendant's actions Ms. Robinson suffered humiliation, fear, intimidation and was greatly dismayed about pursing the EEOC process because Defendant took her job.  She became much more fearful of ever complaining about the abuse and humiliation she experienced being employed at Ergo Solutions.

**WHEREFORE,** Plaintiff demands judgment against defendant for the following relief:

a) An award of equitable relief for the lost wages, lost compensation, future lost earning, economic losses, pre and post judgment interest and any other affirmative relief that may be deemed appropriate at trial; and

b) An award of pecuniary compensatory damages for the emotional injuries suffered by Ms. Robinson as a direct result of Defendant' unlawful conduct including but not limited to, humiliation, loss of self-esteem embarrassment, hurt, fear, frustration, emotional distress, inconvenience, damages to her professional reputation; and

c) An award of punitive damages to punish and deter Defendant's intentional reckless and malicious conduct; and

d)  An award of disbursements, costs, expenses. expert witness fees and attorney's fees incurred by Ms. Robinson in bringing this action; and

e) Such other relief as the court deems proper and just.

## COUNT II

## RETALIATION AND CONSTRUCTIVE DISCHARGE

## THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

## D.C. CODE SECTION 2-1401-11(a) (1) and 2-1402.61(a) &(b)

21. Plaintiff incorporates by reference paragraphs 6 through 14 as is fully set forth herein.

22. Defendant denied Ms. Robinson a non-abusive workplace and the opportunity to work constructively without fear, intimidation, ridicule, upset, humiliation and oppressive disturbance.

23. Defendant intentionally violated Ms. Robinson's right to be treated in an equal manner with other workers and denied her right to enjoy equal protection under the law because of her gender.  Plaintiff understood and experience Defendant's conduct as abusive and humiliating and offensive.

24. Defendant conduct made it impossible to work in a safe and secure environment.  Even though Ms. Robinson participated in the EEOC process by

filing a complaint of discrimination with the Equal Employment Opportunity
Commission (EEOC) Defendant made it nearly impossible for her to continue her
employment.  Defendant terminated her employment in total disregard to her
positive performance achievement.  Her engaging in filing a complaint with EEOC
was the proximate and direct cause of her discharge.  There was no legitimate
reason for Defendant to discharge Plaintiff from her employment.

25. Because of Defendant's actions Ms. Robinson suffered humiliation, fear,
intimidation and was greatly dismayed about pursing the EEOC process because
Defendant took her job.  She became much more fearful of ever complaining about
the abuse and humiliation she experienced being employed at Ergo Solutions.

**WHEREFORE,** Plaintiff demands judgment against defendant for the following
relief:

a) An award of equitable relief for the lost wages, lost compensation, future lost
earning, economic losses, pre and post judgment interest and any other affirmative
relief that may be deemed appropriate at trial; and

b) An award of pecuniary compensatory damages for the emotional injuries
suffered by Ms. Robinson as a direct result of Defendant' unlawful conduct
including but not limited to, humiliation, loss of self-esteem embarrassment, hurt,

fear, frustration, emotional distress, inconvenience, damages to her professional

reputation; and

c) An award of punitive damages to punish and deter Defendant's intentional

reckless and malicious conduct; and

d)  An award of disbursements, costs, expenses. expert witness fees and attorney's

fees incurred by Ms. Robinson in bringing this action; and

e) Such other relief as the court deems proper and just.

PLAINTIFF DEMANDS   A JURY TRIAL ON ALL COUNTS

//s/Samuel Bailey, Jr__
District of Columbia Bar No: 384-974
Samuel Bailey & Associates, LLC
1776 'I' Street, N. W., 9th Floor
Washington, D.C. 20006
202-359-8535
sbailassoc@aol.com